# IN THE COURT OF APPEALS OF IOWA

No. 22-0212
Filed March 30, 2022

IN THE INTEREST OF E.H. and L.H.,
Minor Children,

D.H., Father,
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

　　　A father appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

　　　John J. Bishop, Cedar Rapids, for appellant father.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　Judith Jennings Hoover, Cedar Rapids, attorney and guardian ad litem for minor children.

　　　Considered by Tabor, P.J., Greer, J., and Carr, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's parental rights and termination is in the children's best interests. We affirm the termination of the father's parental rights.

## I.      Background Facts & Proceedings

D.H. is the father of E.H., born in 2012, and L.H., born in 2016.[1] The children were removed from the parents' care in July 2017 and placed in foster care. The Iowa Department of Human Services (DHS) became involved with the family because there were reports the mother was using methamphetamine and the father was incarcerated on drug-related charges. The father participated in services after he was released from prison. The children were returned to his care in January 2019. The juvenile court proceedings were closed in November 2019.

New juvenile court proceedings were initiated when officers found methamphetamine paraphernalia and marijuana in the father's car. In addition, there were concerns because the father made comments about harming himself. The children were removed from the father's care on August 27, 2020.[2] The father tested positive for methamphetamine, amphetamines, and marijuana. A hair test of L.H. was positive for methamphetamine. The children were adjudicated to be

---

[1] The mother did not appear at the termination hearing and does not appeal the termination of her parental rights.

[2] The children were initially placed with the mother, but concerns arose that she was using methamphetamine. The children were removed from the mother's care and placed with the maternal grandmother. Later, the children were placed in foster care.

in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2020).

The father tested positive for marijuana in March 2021. In April, the father had a substance-abuse evaluation. He stated he had been using methamphetamine daily but quit about one month before the evaluation. The father had another evaluation in September. He admitted that he came to the evaluation high on marijuana and smoked marijuana every day. He tested positive for methamphetamine and marijuana on several occasions in May through September. He did not appear for all requested drug tests.

Service providers reported the father would "get very verbally aggressive and offensive with the team when things are not going as he wants them to." The children stated they were in fear of the father at times. L.H. stated the father yelled at him and he became "so scared [his] stomach hurt." L.H. also told social workers the father hit him "lots of times." The father did not attend recommended classes for anger management.

On September 23, the State filed a petition seeking termination of the parents' rights. The father tested positive for methamphetamine on October 5. The termination hearing was held on January 7, 2022. Two weeks before the hearing, the father had a semi-supervised visit. The children reported the father used his "scary voice," yelling and cursing at them. The visits returned to fully supervised. By the time of the hearing, the father was attending treatment for substance abuse. The father testified he had not used methamphetamine since March 15, 2021. He asserted that all of his positive tests since then were faulty. The father stated that he still smoked marijuana.

The juvenile court terminated the father's parental rights under section 232.116(1)(f) (2021).[3]  The court found the children could not be returned to the father's care, noting "[h]e would need to demonstrate a much longer period of sobriety and stability before the children could be placed in his care again."  The court determined that termination of the father's parental rights was in the children's best interests.  The court did not apply any of the exceptions to termination found in section 232.116(3).  The father appeals the termination of his parental rights.

## II.    Standard of Review

Our review of termination proceedings is de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  The State must prove its allegations for termination by clear and convincing evidence.  *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *Id.*  Our primary concern is the best interests of the children.  *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

---

[3] Section 232.116(1)(f) applies when the juvenile court finds the following have occurred:

    (1) The child is four years of age or older.

    (2) The child has been adjudicated a [CINA] pursuant to section 232.96.

    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

### III.     Sufficiency of the Evidence

The father claims the State did not present clear and convincing evidence to support termination of his parental rights. He disputes whether the State proved the fourth element of section 232.116(1)(f), which is evidence that the children could not be safely returned to his care. He points out that his recent drug tests were negative for methamphetamine. The father asserts that the children could have been returned to his care at the time of the termination hearing.

Section 232.116(1)(f) provides a parent's rights may be terminated when there is clear and convincing evidence the child is more than four years old, has been adjudicated CINA, has been removed from the parent's care for at least twelve months, and cannot be returned to the parent's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). We consider whether the parent is "in a position to care for [the children] without ongoing DHS involvement." *Id.*

While the father had some recent drug tests that were negative for methamphetamine, he consistently tested positive for marijuana. The father admitted that he should have been abstaining from all mood-altering drugs, including marijuana, as part of his substance-abuse treatment program. We agree with the juvenile court's assessment:

> [The father] has had ample opportunity to address his substance abuse issues. With his lengthy history of use, 90 days of sobriety is not a good indicator that he has made the necessary changes in his lifestyle to provide a stable, sober home for his children, particularly in light of the fact that he appears to have made little to no effort to stop using marijuana.

Furthermore, the father had not addressed his problems with anger management. We conclude there is clear and convincing evidence in the record to support termination of the father's parental rights under section 232.116(1)(f).

## IV.      Best Interests

The father contends that termination of his parental rights is not in the best interests of the children. He asserts that he has a strong bond with the children.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

On this issue, the juvenile court stated:

> The Court finds termination of parental rights and adoption to be in these children's best interest. The have been removed from parental custody twice and have spent a significant portion of their short lives living with relatives or in the foster care system due to their parents' substance abuse issues. They need permanency now. While there is clearly a bond between the children and their parents, especially [the father], this bond does not outweigh the need for permanency in the lives of these children. They simply should not be forced to wait longer in order for their parents to demonstrate meaningful changes and long-term sobriety.

We find termination of the father's parental rights is in the children's best interests for the reasons set out in the juvenile court's decision. The father has not been able to consistently maintain sobriety. The children need stability, which the

father cannot provide.  A contrary ruling would be based on wishful thinking instead of the evidence.  The children are owed more.

The trial court got this right.  We affirm its decision terminating the father's parental rights.

**AFFIRMED.**